IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FIRST SOUTH HOSPITALITY,** | * |
| **INC.,** *et al.,* | * |
| | * |
| Plaintiffs, | * |
| | * |
| vs. | *   Civil Action No. 08-00112-CG-B |
| | * |
| **KELLY LUNCEFORD PROPERTIES,** | * |
| **LLC,** *et al.,* | * |
| | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on an unsigned complaint (Doc. 1) filed by Judy Morrell, who is proceeding pro se. Morrell purports to act on behalf of herself, Bertha Zamora and First South Hospitality, Inc. Morrell has filed a motion to proceed without prepayment of fees (Doc. 2). In an Order dated February 27, 2008, Morrell was advised that she cannot represent another person or entity because such would constitute the unauthorized practice of law, See ALA CODE §§ 34-3-6 and 7, and that a corporation is not allowed to proceed pro se in federal court, but must be represented by counsel. *See* e.g., Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985); National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F. 2d 602, 604 (11th Cir. 1984). Morrell was further advised that Rule 11(a) of the Federal Rules of Civil Procedure requires every pleading, written motion, and other paper to be signed by at least one attorney of

record, or if the party is not represented by counsel, the document must be signed by the party.

The Court directed, pursuant to Rule 11 of the Civil Procedure, that the parties file, by March 14, 2008, an amended complaint, personally signed by each plaintiff seeking to proceed pro se in this action. The Court also directed that a duly licensed attorney sign the amended complaint on behalf of any corporate entity desiring to appear as a plaintiff in this action. Plaintiffs were cautioned that if the properly executed amended complaint was not filed by **March 14, 2008**, the complaint would be stricken and the case dismissed for failure to comply with the Court's directives.

Additionally, the Court determined, following a review of Plaintiff Judy Morrell's motion to proceed without prepayment of fees, that it appears that Ms. Morrell has the resources with which to pay the $350 statutory filing fee. Accordingly, her motion was denied, and she was directed to pay the filing fee by **March 14, 2008.** The Court further directed that to the extent Ms. Morrell contends that she is unable to pay the filing fee, she was to file, by **March 14, 2008,** an amended motion detailing monthly income and assets, and explaining in detail how she provides for her basic living needs such as food, clothing and shelter. Ms. Morrell was expressly cautioned that her failure to comply with the Court's Order, within the prescribed time, might result in the dismissal of

this action for failure to prosecute and to obey the Court's Order. Additionally, the Clerk was directed to send to Ms. Morrell a copy of the Pro Se Litigation Guide, and the form for a motion to proceed without prepayment of fees.

A review of the docket reflects that Plaintiff has failed to comply with the Court's directives. An executed complaint has not been filed with the Court, nor has the filing fee been paid. Additionally, Ms. Morrell did not file a new motion to proceed without prepayment of fees, or seek additional time in which to comply with the Court directives[1].

District courts possess inherent power to sanction errant litigants before them, including the power to dismiss an action for failure to prosecute. See, e.g., Hudson v. Cardwell Corp., Slip Copy, 2006 WL 2135791, *2 (S.D. Ala. July 27, 2006) (Steele, J.). While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), this does not extend to a pro se litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Department, Slip Copy, 2006 WL 3307444, *1 (11th Cir. Nov. 15, 2006). Rule 41(b) expressly authorizes the

---

[1] Interestingly, while Ms. Morrell did not comply with any of the directives contained in the Court's February 27th Order, she did file, on March 13, 2008, a Notice of Filing Proposed Summons. (Doc. 4).

involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id. See also e.g., Link v. Wabash R.R. Co., 370 U.S. 626, 630-631 (1962). Dismissal with prejudice is thus appropriate where the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct. See, e.g., Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).

Due to Plaintiff's failure to comply with this Court's Order (Doc. 3) and prosecute this action, and upon consideration of the alternatives that are available to this Court, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. See, e.g., Link, 370 U.S. at 630 (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution).

The attached sheet contains important information regarding objections to this Report and Recommendation.

4

**DONE** this **18th** day of **March, 2008.**

                                      <u>/s/ Sonja F. Bivins</u>
                                      **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.
> A magistrate judge's recommendation cannot be appealed to a Court

of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds

6

that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                    **/S/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**